COLONIAL FINANCIAL CORPORATION, Plaintiff, *v.* ELIZABETH **D.** NELSON and Others, Defendants.

County Court, Nassau County, April 4, 1933.

*Brennan, Flamman & Simpson*, for the plaintiff.

*Charles Winkelman*, for the defendant Grenwolde Association.

JOHNSON, J. Plaintiff seeks to foreclose a mortgage made upon certain real property by the defendant Elizabeth D. Nelson on May 29, 1929, and recorded on June 1, 1929, in Nassau county clerk's

office in liber 1398 of Mortgages at page 410. It alleges in its complaint that each and all the defendants " have or claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien has accrued subsequent to the lien of the mortgage sought to be foreclosed herein and is subject and subordinate thereto." This allegation is put in issue as to the defendant Grenwolde Association, Inc., by its answer, wherein it also asserts an affirmative defense substantially as follows: The defendant Grenwolde Association, Inc., is a membership corporation. On or about June 15, 1927, it entered into a written agreement with the defendant Nelson, which agreement was recorded in Nassau county clerk's office in liber 1353 of Conveyances at page 90, some time prior to the making and recording of the mortgage sought to be foreclosed. By that agreement certain restrictive covenants were made and negative easements created, affecting the real property covered by the subsequent mortgage; and among other things the defendant Nelson agreed that each lot owned by her should be subjected to an annual assessment in the sum of ten dollars which she covenanted to pay to the corporate defendant annually in advance on the first day of January in each year; that the amount thus fixed as an assessment should be a lien on the land, and should continue to be such a lien until fully paid, and that the covenant and agreement thus made should run with the land until January 1, 1940. The agreement recited the defendant Nelson's ownership of the specific lots subsequently mortgaged and now sought to be foreclosed. Consequently, by agreement of the parties a lien was created upon those specific lots in favor of Grenwolde Association, Inc., for a proper purpose, i. e., the application by it of the proceeds of such assessments to payment for street lighting, fire protection, improving and maintaining streets, lands, waterways, places of common resort for the common use of property owners, planting of trees, shrubbery, and generally the upkeep and beautifying the property used in common by the owners of lots in the development in question known as " Grenwolde Park."

That such an agreement may be enforced in equity has recently been determined. (*Kennilwood Owners Assn., Inc.,* v. *Wall,* 148 Misc. ——, Mr. Justice STEINBRINK.) The agreement there involved was in all respects substantially similar to that in the instant case. Pointing out that under certain circumstances parties may agree to the creation of a lien to enforce which equity affords a remedy (*Smith* v. *Smith,* 125 N. Y. 224, 230; *James* v. *Alderton Dock Yards,* 256 id. 298, 303), Mr. Justice STEINBRINK, referring to the agreement before him, said: " By the terms of the covenant above

quoted, the grantee agreed to subject her land to a lien to the extent of the assessments levied against it," and held that the lien thus created by the agreement of the parties was valid and enforcible.

I am in accord with the decision of the learned justice, and find it completely applicable to the situation here presented. The corporate defendant asserts that, pursuant to the agreement, the mortgaged premises, consisting of 243 lots, became subject to a lien of $10 per lot, or a total of $2,430, on January 1, 1932, and to a lien in a similar amount on January 1, 1933.

Having determined that such a lien exists, there remains only the question whether it is subordinate to the lien of plaintiff's mortgage.

The agreement was made and recorded long prior to the making and recording of the mortgage. The nature of the agreement was such that it affected the title to real property within the meaning of the recording acts. (Real Prop. Law, § 291.) The mortgagee, therefore, took the mortgage with constructive notice of the prior recorded agreement imposing a lien upon the very premises covered by the mortgage.

It must necessarily follow that the mortgage is subject and subordinate to such lien.

As I understand it, the only question presented is whether the corporate defendant has a lien under the agreement, and whether such lien is superior or subordinate to the lien of the mortgage. In my opinion, the defendant Grenwolde Association, Inc., has such a lien, and the lien of the mortgage is subordinate to it. Such being the case, if there be any dispute as to the amount of the lien of the defendant Grenwolde Association, Inc., in order that foreclosure of the mortgage may not be unnecessarily delayed, the order of reference to compute may likewise refer to the referee determination of the amount of that lien.

Submit order accordingly for settlement on notice.