■ In the Matter of MARK S. AGOADO et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. [723 NYS2d 236] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to conduct formal performance reviews in accordance with Board of Education By-Law 5.3.4A, the petitioners appeal from a judgment of the Supreme Court, Kings County (Kramer, J.), dated April 6, 2000, which, upon the granting of the respondents' cross motion to dismiss the proceeding, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Before commencing a proceeding in the nature of mandamus, it is necessary to make a demand and await a refusal. The Statute of Limitations begins to run on the date of the refusal and expires four months thereafter. The period in which action is required to be taken cannot be indefinitely extended by delaying the demand. An allegedly aggrieved party who does not proceed promptly and make a formal demand may be charged with laches (see, Austin v Board of Higher Educ., 5 NY2d 430, 442; Matter of Civil Serv. Empls. Assn. v Board of Educ., 239 AD2d 415, 416).

There is no evidence that the petitioners formally demanded appeals of their unsatisfactory ratings in accordance with Board of Education By-Law 5.3.4A. In any event, even if the petitioners made formal demands, their delay in bringing this proceeding was so extensive that it is barred by the doctrine of laches. Therefore, the Supreme Court properly denied the petition and dismissed the proceeding.

The petitioners' remaining contentions are without merit. Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.