■ YONKERS RACING CORP., Respondent, v CITY OF YONKERS, Appellant. [754 NYS2d 48] —In an action to recover damages for overpayment of water usage and sewer charges, the defendant appeals from an order of the Supreme Court, Westchester County (Leavitt, J.), entered August 1, 2001, which denied its motion to dismiss the complaint as time-barred pursuant to CPLR 3211 (a) (5).

Ordered that the order is modified by deleting the provision thereof denying those branches of the motion which were to dismiss as time-barred those causes of action pertaining to water usage and sewer charges for the second half of the year 1989 through the year 1991, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

We agree with the defendant that the proper statute of limitations in this case is the four-month period applicable to proceedings pursuant to CPLR article 78 (see CPLR 217 [1]). The plaintiff commenced this case as a civil action. Essentially, the plaintiff sought to compel the defendant to comply with its obligation under the Yonkers City Code, which requires that the defendant recalculate water usage and sewer charges that were overbilled as a result of incorrect registry due to faulty meters (see City of Yonkers Code § C9-14 [B]), a remedy that the plaintiff could have sought by way of a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel. Thus, the action is subject to the statute of limitations governing those proceedings (see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194; Solnick v Whalen, 49 NY2d 224; cf. Hartnett v New York City Tr. Auth., 200 AD2d 27, affd 86 NY2d 438).

Only those causes of action pertaining to the overcharges for the second half of the year 1989 through the year 1991 are time-barred as a result. The plaintiff presented no evidence that it made the necessary demand that the defendant recalculate those charges within a reasonable time after the right to make the demand arose, when it learned of the overcharge in early 1995 (see Matter of Agoado v Board of Educ., 282 AD2d 602; Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist., 265 AD2d 838). The statute of limitations begins to run on the date of the refusal to comply with a demand to perform, and expires four months thereafter (see Matter of Agoado v Board of Educ., supra). Nevertheless, the period in which action is required to be taken cannot

indefinitely be extended by delaying the demand. The plaintiff established that it made a timely demand that the defendant recalculate the water usage and sewer charges for the years 1992 and 1993, and that at some point thereafter the defendant refused its request. In response, the defendant failed to establish when it made the relevant refusal, and, therefore, cannot meet its burden of proving that the action was commenced over four months after the demand was refused. Thus, the order is affirmed insofar as it pertains to the charges for the years 1992 and 1993. Prudenti, P.J., Florio, Friedmann and Adam, JJ., concur.