■ NYCTL 1999-1 Trust et al., Respondents, v Rita Stark, Appellant, et al., Defendants. [800 NYS2d 198]—

In an action to foreclose a tax lien pursuant to Administrative Code of City of New York § 11-335, the defendant Rita Stark, as executrix of the last will and testament of Fred Stark and as trustee of the Fred Stark Trust, appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated June 1, 2004, as granted those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer and affirmative defenses, and to appoint a referee to compute the total sums due and owing to the plaintiffs.

Ordered that the order is affirmed insofar as appealed from, with costs.

On or about June 20, 2002, the plaintiff Bank of New York, as collateral agent and custodian for the plaintiff NYCTL 1999-1 Trust, acquired from the City of New York (hereinafter the City) a tax lien affecting certain parcels of real property owned by the estate of Fred Stark and known as 94-01 150th Street in Jamaica (hereinafter the premises).

The appellant's contention that the sale of the subject tax lien was void for failure to comply with certain provisions of title 11 of the Administrative Code of the City of New York is unpreserved for appellate review (*see e.g. DeLeon v New York City Tr. Auth.*, 5 AD3d 531 [2004]; *Cappolla v City of New York*, 302 AD2d 547, 549 [2003]).

Contrary to the appellant's contention, the fact that in May 2001 she requested the New York City Department of Environmental Protection (hereinafter the DEP) to reassess certain water and sewer charges relating to the premises, did not estop the City from subsequently selling a lien based, in whole or in part, on the disputed charges, nor did it estop the plaintiffs from foreclosing on such lien (*see City of New York v 952 Fifth Ave. Corp.*, 181 Misc 705 [Sup Ct, NY Co 1944]; *cf.* 15 RCNY Appendix A part VIII § 1 [A]; Administrative Code § 11-319 [b] [8]). In light of the appellant's election not to pay the disputed charges, she could not reasonably expect the DEP, the City, or their assignees to forbear from exercising available remedies, including the sale of the subject lien and the instant foreclosure action, while her request for reassessment was pending.

While the plaintiffs failed to establish, as a matter of law, that the appellant was barred from challenging the amount of the water and sewer assessments underlying the subject lien (*compare Yonkers Racing Corp. v City of Yonkers*, 301 AD2d 592 [2003], *with NYCTL 1996-1 Trust v Andrew-Zuck Realty Corp.*, 305 AD2d 157 [2003]), the plaintiffs' motion nonetheless was properly granted, and the Supreme Court correctly determined, under the circumstances, that any dispute as to the amount of the lien may be resolved after a reference pursuant to RPAPL 1321 (*see Colonial Fin. Corp. v Nelson*, 148 Misc 55 [1933]).

The parties' remaining contentions are without merit. Prudenti, P.J., Florio, Cozier and Lifson, JJ., concur.