■ CLOVERLEAF REALTY OF NEW YORK, INC., et al., Appellants, v TOWN OF WAWAYANDA et al., Respondents. [843 NYS2d 335]—

In an action, inter alia, for a judgment declaring that a special tax assessment imposed by the defendants upon the plaintiffs

for the tax year 2006 is illegal and void, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated December 13, 2006, as granted the separate motions of the defendants to dismiss the complaint insofar as asserted against them as time-barred pursuant to CPLR 3211 (a) (5) and (2) so much of a judgment of the same court entered March 2, 2007, as, upon the order, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs are property owners in the Town of Wawayanda, located in Orange County. On December 30, 2005 the Town mailed tax bills to the plaintiffs which contained a special assessment that had been approved in 2003, and imposed for the tax year 2006, in connection with water and sewer districts that had been established in 2001. The plaintiffs commenced this action on May 25, 2006, alleging, inter alia, that they were not afforded due process because, prior to the approval of the special assessment, the Town did not provide them with direct notice of the public hearing concerning the subject special assessment. The Supreme Court, inter alia, granted the separate motions of the Town and the County to dismiss the complaint as time-barred. We affirm.

Contrary to the plaintiffs' contentions, and regardless of the fact that they characterized this action as a declaratory judgment action, examination of "the substance of [the] action . . . and the relief sought" (*Solnick v Whalen*, 49 NY2d 224, 229 [1980]) reveals that the "challenge is directed not at the substance of the [assessment] but at the procedures followed in its enactment, [and thus the action] is maintainable in an article 78 proceeding" (*Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987]). Therefore, to be timely, the action had to have been commenced within the four-month statute of limitations applicable to CPLR article 78 proceedings (*see* CPLR 217 [1]; *Solnick v Whalen, supra*; *P & N Tiffany Props., Inc. v*

*Village of Tuckahoe*, 33 AD3d 61 [2006]). Since the plaintiffs did not commence the action within that time frame, the Supreme Court correctly dismissed the complaint (*see* CPLR 3211 [a] [5]; *Yonkers Racing Corp. v City of Yonkers*, 301 AD2d 592 [2003]). Merely because the plaintiffs couched their claim as an alleged denial of constitutional due process, it does not follow that the plaintiff's compliance with the statute of limitations applicable to CPLR article 78 proceedings is abrogated, since it is undisputed that the plaintiffs received actual notice of the assessment (*see Matter of ISCA Enters. v City of New York*, 77 NY2d 688 [1991], *cert denied* 503 US 906 [1992]; *Sheldon v Town of Highlands*, 73 NY2d 304 [1989]; *P & N Tiffany Props., Inc. v Village of Tuckahoe, supra*).

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.