■ NYCTL 1998-2 Trust et al., Appellants, v T. Jan Realty Corp., Respondent, et al., Defendants. [881 NYS2d 137]—

In an action to foreclose a tax lien, the plaintiffs appeal from an order of the Supreme Court, Kings County (Balter, J.), dated August 2, 2007, which granted the motion of the defendant T. Jan Realty Corp. to confirm a referee's report (Clarke, R.) dated April 20, 2007, which, after a hearing, recommended that the plaintiffs be directed to refund certain water and sewage overpayments made by that defendant, and directed the plaintiffs to refund the overpayments.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount due to the plaintiffs pursuant to the tax lien certificate in accordance herewith.

The defendant T. Jan Realty Corp., the owner of the subject property (hereinafter the property owner), failed to pay certain water and sewer charges assessed against the property by the defendant City of New York. The City sold the resulting tax lien to the plaintiff Bank of New York, as collateral agent and custodian of the NYCTL 1998-2 Trust, which brought the instant action to foreclose on the lien, and obtained a judgment of foreclosure and sale upon the property owner's default in appearing and answering. The property owner then moved to vacate the judgment of foreclosure and sale, and the Supreme Court referred the matter to a referee to compute the amount due the plaintiffs. After a hearing, the referee found that certain assessments underlying the lien were invalid, recalculated the amount due on the lien based on past meter readings for the property, and recommended that the plaintiffs be directed to refund to the property owner the portion of the water and sewer payments it made under protest during the pendency of the action which exceeded the new amount due on the lien. The Supreme Court granted the property owner's motion to confirm the report, and ordered the plaintiffs to refund the overpayments. The plaintiffs appeal. We reverse and remit the matter to the Supreme Court, Kings County, for a determination of the amount due to the plaintiffs pursuant to the tax lien certificate.

Challenges to the City's water and sewer assessments must be brought in timely CPLR article 78 proceedings (see CPLR 217; NYCTL 1996-1 Trust v Andrew-Zuck Realty Corp., 305 AD2d 157 [2003]; Yonkers Racing Corp. v City of Yonkers, 301 AD2d 592 [2003]). Moreover, subject to certain exceptions not applicable here, "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). The property owner failed to pursue administrative remedies available during a portion of the lien period (see 15 RCNY Appx A, part VI), and failed to commence a timely CPLR article 78 proceeding to challenge the City's final determination regarding the disputed assessments. Accordingly, the property owner is precluded from challenging the amounts of the assessments in this action (see NYCTL 1999-1 Trust v Stark, 21 AD3d 402 [2005]; NYCTL 1996-1 Trust v Andrew-Zuck Realty Corp., 305 AD2d 157 [2003]).

The Supreme Court therefore erred in granting the property owner's motion to confirm the referee's report, which was based upon recalculated assessments, and the matter must be remitted to the Supreme Court, Kings County, for a determination of

the amount due to the plaintiffs based on the original assessments underlying the tax lien certificate. Skelos, J.P., Florio, Dickerson and Chambers, JJ., concur.