■ BLOCK 3066, INC., Appellant, v CITY OF NEW YORK et al., Respondents. [932 NYS2d 130]—

As the Supreme Court correctly concluded, although brought as a declaratory judgment action, the instant matter is directed toward review of an agency determination and, therefore, governed by CPLR article 78 (*see Cloverleaf Realty of N.Y., Inc. v Town of Wawayanda*, 43 AD3d 419, 420 [2007]; *Matter of Vecce v Town of Babylon*, 32 AD3d 1038, 1039-1040 [2006]; *cf. Martin Goldman, LLC v Yonkers Indus. Dev. Agency*, 12 AD3d 646, 648 [2004]). In essence, the plaintiff seeks review of a determination of the City of New York Department of Parks and Recreation (hereinafter the Parks Department), set forth in a letter dated September 2, 2008, imposing a fine in the sum of $135,037.79 due to the improper removal of trees on the plaintiff's property, and declining to approve the plaintiff's builder's pavement plan until restitution was made. Since this matter is governed by CPLR article 78, it had to be brought within four months after the Parks Department's determination became final and binding upon the plaintiff (*see* CPLR 217 [1]).

There are two requirements for fixing the time when agency action becomes final and binding (*see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]). "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*id.*). Here, the letter dated September 2, 2008, from the Parks Department to the plaintiff's attorney, satisfied these requirements. It indicated that a $135,037.79 fine had been imposed on the plaintiff, and that approval of the plaintiff's builder's pavement plan would not be forthcoming until restitution was made. Further administrative review of that determination was not available to the plaintiff (*id.*; *see Matter of Cauldwest Realty Corp. v City of New York*, 160 AD2d 489, 490 [1990]). Therefore, since the letter dated September 2, 2008, was a final and binding determination, and the matter was not commenced until May 25, 2010, it was untimely.

Accordingly, the Supreme Court properly, in effect, granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30190(U).]**