Matter of Montpay Realty Corp. v Laveman (2022 NY Slip Op 00666)





Matter of Montpay Realty Corp. v Laveman


2022 NY Slip Op 00666


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-08224
 (Index No. 143/18)

[*1]In the Matter of Montpay Realty Corp., et al., respondents,
v
Robin S. Laveman, etc., et al., appellants.


Thomas A. Adams, Acting County Attorney, Mineola, NY (Nicholas Vevante and Robert F. Van der Waag of counsel), for appellants.
Jaspan Schlesinger LLP, Garden City, NY (Joan M. Quinn, Stanley A. Camhi, Andrew M. Mahony, and Jillian L. McNeil of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the respondents/defendants appeal from a judgment of the Supreme Court, Nassau County, entered May 8, 2018. The judgment, upon a decision of the same court dated March 7, 2018, (1) declared that the petitioners/plaintiffs' grievances of their property tax assessments were settled as set forth in certain stipulations executed by the parties, (2), in effect, granted the petition, and (3) directed the defendants/respondents to correct the valuations of the taxes levied on such properties and refund to the petitioners/plaintiffs any overpaid taxes with interest.
ORDERED that the judgment is affirmed, with costs.
The petitioners/plaintiffs (hereinafter the petitioners) are the owners, or the agents of the owners, of real property located in Nassau County. Each petitioner grieved their property tax assessment to the Nassau County Assessment Review Commission (hereinafter ARC) pursuant to the procedures set forth in RPTL 523-b, each was offered a settlement by the ARC, and each accepted the offer in writing.
The ARC's Rules of Procedure provide that accepted offers of settlement are subject to final approval by the ARC and shall not become binding until they are approved, and that the ARC "shall notify the applicant when an accepted offer is approved or disapproved within 35 days of acceptance" (see ARC Rule of Procedure 19.6, available at https://www.nassaucountyny.gov/3691/Assessment-Review-Commission-Rules-Of-Co). The ARC's Rule of Procedure § 19.6 provides in part that "[i]f no notice of disapproval is sent within 35 days, the accepted offer shall be deemed approved." Here, the ARC did not send the property owners either a notice of disapproval or a notice of approval, within 35 days of acceptance. On December 22, 2017, the petitioners served a letter upon the Treasurer of Nassau County, demanding payment of tax refunds, plus interest, which the petitioners contend they were due pursuant to their property tax assessment settlements.
On February 1, 2018, the petitioners commenced the instant hybrid proceeding and declaratory judgment action, pursuant to CPLR 7803(1) and 3001, against the respondents/defendants (hereinafter the appellants). The petitioners alleged, inter alia, that "[d]espite petitioners-plaintiffs' demand that the Treasurer issue the appropriate tax refunds expeditiously, the Treasurer has failed and refused to do so." The petitioners sought a judgment declaring that the [*2]written offer of settlement issued to each petitioner is binding on the County of Nassau, and a judgment compelling the County Treasurer to issue a refund to each petitioner in the amount of excess taxes paid, plus interest. In a judgment entered May 8, 2018, the Supreme Court granted the petitioners' requested relief.
Contrary to the appellants' contention, the parties' dispute was ripe for adjudication, as the petitioners were aggrieved by the appellants' failure to issue the petitioners' tax refunds in response to their express demand of December 22, 2017 (see Austin v Board of Higher Educ. of City of N.Y., 5 NY2d 430, 442; Matter of Peasley v Flacke, 98 AD2d 915, 915-916; cf. Matter of Agoado v Board of Educ. of City School Dist. of City of N.Y., 282 AD2d 602, 603).
Also contrary to the appellants' contention, the petitioners' request for relief pursuant to CPLR 7803(1) was not barred by the applicable statute of limitations (see id. § 217). "A proceeding in the nature of mandamus to compel must be commenced within four months after the refusal by the body or officer, upon the demand of the aggrieved party, to perform a duty enjoined upon the body or officer by law" (Matter of Zupa v Zoning Bd. of Appeals of Town of Southold, 64 AD3d 723, 725; see CPLR 217[1]). Thus, "to the extent that the petition seeks relief in the nature of mandamus to compel respondents to issue the requested credit/refund, the four-month 'statute of limitations [did] not begin to run until the petitioner demand[ed] that the official . . . act and the official refuse[d]'" (Matter of Selective Ins. Co. of Am. v State of N.Y. Workers' Compensation Bd., 102 AD3d 72, 76, quoting Matter of Chevron U.S.A. Inc. v Commissioner of Envtl. Conservation, 86 AD3d 838, 840; see Matter of Bottom v Goord, 96 NY2d 870, 872).
The appellants' remaining contentions are without merit.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court