RSTA Holdings, LLC v New York City Dept. of Parks & Recreation (2023 NY Slip Op 02546)

RSTA Holdings, LLC v New York City Dept. of Parks & Recreation

2023 NY Slip Op 02546

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-05674
 (Index No. 152347/20)

[*1]RSTA Holdings, LLC, appellant, 
v
New York City Department of Parks and Recreation, respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah Brenner and Sarah Paulson of counsel), for respondent.
JDE Law Firm (Gaines & Fishler, LLP, Staten Island, NY [Robert M. Fishler], of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for unjust enrichment and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated July 19, 2021. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
As the Supreme Court correctly concluded, although the complaint alleged causes of action to recover damages for unjust enrichment and for declaratory relief, "the instant matter is directed toward review of an agency determination and, therefore, governed by CPLR article 78" (Block 3066, Inc. v City of New York, 89 AD3d 655, 656; see Cloverleaf Realty of N.Y., Inc. v Town of Wawayanda, 43 AD3d 419, 420-421). In essence, the plaintiff seeks review of a determination of the New York City Parks and Recreation Department (hereinafter Parks), set forth in a letter dated August 7, 2019, which determined that the plaintiff does not own a city right-of-way abutting the plaintiff's property and that trees within the subject right-of-way are under the jurisdiction of Parks. Hence, Parks asserted that in order to remove a tree within the subject right-of-way, the plaintiff was required to pay Parks a fee for the replacement value of the tree or plant replacement trees in a manner as specified by Parks.
The gravamen of the complaint concerns the allegedly improper determination by Parks and whether Parks proceeded without or in excess of jurisdiction, and these issues are properly reviewable in a proceeding pursuant to CPLR article 78 (see CPLR 7803; Dormer v Suffolk County Police Benevolent Assn., Inc., 95 AD3d 1166, 1168; Block 3066, Inc. v City of New York, 89 AD3d at 656).
Since this matter is governed by CPLR article 78, it had to be commenced within four months after Parks's determination became final and binding upon the plaintiff (see CPLR 217[1]; Block 3066, Inc. v City of New York, 89 AD3d at 656). Here, Parks's letter dated August 7, 2019, constituted a final and binding determination, and this matter was not commenced until December 10, 2020. Therefore, it was untimely under the four-month statute of limitations applicable to [*2]proceedings pursuant to CPLR article 78 (see CPLR 217[1]; St. John's Riverside Hosp. v City of Yonkers, 151 AD3d 786, 789; Block 3066, Inc. v City of New York, 89 AD3d at 656).
Accordingly, the Supreme Court properly directed dismissal of the complaint pursuant to CPLR 3211(a)(5).
The plaintiff's remaining contentions need not be reached in light of our determination.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court