Morton v New York City Bd. of Educ. Retirement Sys. (2024 NY Slip Op 03819)

Morton v New York City Bd. of Educ. Retirement Sys.

2024 NY Slip Op 03819

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-05987
 (Index No. 526900/21)

[*1]Sandra D. Morton, appellant, 
v
New York City Board of Education Retirement System, et al., respondents.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Thomas R. Manisero and Shirley S. Karasick of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jane L. Gordon and D. Alan Rosinus, Jr., of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated June 15, 2022. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff began working for the New York City Board of Education in January 1995 and joined the defendant New York City Board of Education Retirement System (hereinafter the Retirement System) in December 1996. The Retirement System initially placed the plaintiff in the "Age 57 Early Retirement Program" (hereinafter the 57/5 program). The plaintiff retired on April 21, 2019, allegedly based upon representations made to her by the Retirement System that she was eligible to retire and start receiving retirement benefits as of that date. In a letter dated August 7, 2019, the Retirement System notified the plaintiff that it had determined that placing the plaintiff in the 57/5 program was an error, and that she should have been placed in the "25-Year Early Retirement Program" (hereinafter the 55/25 program), under which she was not yet eligible to retire. The Retirement System gave the plaintiff several options to address her premature retirement, including return to service for approximately 10 months until she was credited with 25 years of service and then file for retirement under the 55/25 program, and the plaintiff chose that option.
In October 2021, the plaintiff commenced this action for a judgment declaring that the Retirement System was estopped from denying the plaintiff's entitlement to retirement benefits for the period from April 21, 2019, to the date that she returned to service or, in the alternative, to recover damages for breach of fiduciary duty, negligent misrepresentation, and negligence. Thereafter, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, inter alia, on the ground that it was time-barred. In an order dated June 15, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"'A defendant who seeks dismissal of a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired'" (Kogut v Village of Chestnut Ridge, 214 AD3d 777, [*2]778, quoting Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1029). "'The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising a question of fact as to whether such an exception applies, or as to whether the cause of action was interposed within the applicable statute of limitations'" (id. at 778-779, quoting Listwon v 500 Metro. Owner, LLC, 188 AD3d at 1029). "'An action for a declaratory judgment is generally governed by a six-year statute of limitations'" (id. at 779, quoting Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d 928, 931; see CPLR 213[1]). "'However, where a declaratory judgment [or other] action involves claims that could have been made in another proceeding for which a specific limitation period is provided, the action is subject to the shorter limitations period'" (Kogut v Village of Chestnut Ridge, 214 AD3d at 779, quoting Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d at 931). "Thus, where . . . a proceeding could have been brought pursuant to CPLR article 78, the four-month statute of limitations applicable to such proceedings applies" (id.; see CPLR 217[1]; Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194).
Further, "'[w]here the thrust of the lawsuit is the review of an adverse . . . agency determination, with the monetary relief incidental, [the] Supreme Court may entertain the entire case under CPLR article 78'" (Hertzel v Town of Putnam Val., 131 AD3d 921, 925, quoting Matter of Gross v Perales, 72 NY2d 231, 234). "'Whether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim, is dependent upon the facts and issues presented in a particular case'" (id., quoting Matter of Gross v Perales, 72 NY2d at 236).
Here, although the complaint sought declaratory relief or monetary damages, the gravamen of the complaint concerned the plaintiff's challenge to the Retirement System's determination dated August 7, 2019, that her retirement as of April 21, 2019, was premature due to her erroneous placement in the 57/5 program (see RSTA Holdings, LLC v New York City Dept. of Parks & Recreation, 216 AD3d 826, 827; see also Feuer v State of New York, 101 AD3d 1550, 1551). Further, the monetary damages sought by the plaintiff concerning her unpaid retirement benefits for the period from her retirement on April 21, 2019, to the date that she returned to service arose from and were incidental to the Retirement System's determination dated August 7, 2019. Thus, the plaintiff could have commenced a CPLR article 78 proceeding to challenge the Retirement System's determination dated August 7, 2019, and "the four-month statute of limitations applicable to such proceedings applies" (Kogut v Village of Chestnut Ridge, 214 AD3d at 779; see CPLR 217[1]; Walton v New York State Dept. of Correctional Servs., 8 NY3d at 194). Since this action was commenced outside of the applicable four-month period, the defendants established, prima facie, that the complaint was untimely (see Kogut v Village of Chestnut Ridge, 214 AD3d at 779).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint on the ground that it was time-barred.
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court