In the Matter of DANIEL RAPPAPORT et al., Appellants, v VILLAGE OF SALTAIRE et al., Respondents. [14 NYS3d 107]—

In a proceeding pursuant to CPLR article 78 to review an agreement dated November 15, 2010, between the Village of Saltaire and Arthur Ortenberg, releasing restrictive covenants that had been imposed upon certain real property, and a determination of the Board of Trustees of the Village of Saltaire dated December 5, 2010, issuing a negative declaration under the State Environmental Quality Review Act (ECL art 8) in connection with the agreement, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Molia, J.), dated April 1, 2013, which, inter alia, denied the amended petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The subject premises comprise a vacant parcel of property in the Village of Saltaire. By deed dated February 26, 1985, the premises were conveyed to the Village by Arthur Ortenberg and Elizabeth Clairborne Ortenberg, a married couple, subject to covenants that the property was to be maintained and preserved forever in its present natural state for public purposes for so long as the Village's existence as a municipal corporation continued. The deed provided that, in either of the

events that the property was not maintained by the Village in its present natural state or the Village's existence as a municipal corporation terminated, the property "shall revert to the party of the first part, their heirs and assigns."

On November 15, 2010, after Elizabeth Clairborne Ortenberg had died, Arthur Ortenberg executed a proposed agreement, pursuant to which he agreed to release the Village from the restrictive covenants in the deed, and thereupon waive and terminate his reversionary interest in the property, thus allowing the Village to retain the property free and clear of any restrictions. On December 5, 2010, the Village Board of Trustees (hereinafter the Board) determined that approval of the agreement would not have a significant negative impact on the environment and, thus, adopted a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). The Board thereafter approved a resolution authorizing execution of the agreement. On behalf of the Village, the Mayor executed the agreement, which was subsequently recorded.

The petitioners, who are owners of contiguous property, commenced this proceeding pursuant to CPLR article 78 to review the November 15, 2010, agreement and the Board's issuance of the negative declaration pursuant to SEQRA. The petitioners alleged that the Village lacked authority to enter into the agreement without the approval of the New York State Legislature in accordance with the public trust doctrine, Ortenberg lacked authority to remove the restrictive covenants from the deed, and the Board's issuance of a negative declaration was in violation of SEQRA. The Village, the Board, and the members of the Board (hereinafter collectively the village respondents) answered the petition. After the petitioners served an amended petition, the village respondents moved to dismiss the amended petition, and the petitioners cross-moved for summary judgment on the amended petition. In an order and judgment dated April 1, 2013, the Supreme Court, inter alia, denied the amended petition and dismissed the proceeding. The petitioners appeal.

The Supreme Court properly rejected the petitioners' challenges to the November 15, 2010, agreement. Contrary to the petitioners' contention, Ortenberg, as the grantor, had the authority to release the Village from its obligation to perform the conditions in the deed and thereupon waive and terminate his reversionary interest (*see Trustees of Calvary Presbyt. Church v Putnam*, 249 NY 111, 115 [1928]; *see also* EPTL 6-5.1). Moreover, the Village was not required to obtain the approval

of the New York State Legislature before mutually rescinding the underlying agreement with Ortenberg. Under the public trust doctrine, "a municipality, without specific legislative sanction, may not permit property acquired or held by it for public use to be wholly or partly diverted to a possession or use exclusively private" (*Matter of Lake George Steamboat Co. v Blais*, 30 NY2d 48, 51 [1972]; *see Kenny v Board of Trustees of Inc. Vil. of Garden City*, 289 AD2d 534 [2001]), but this doctrine is inapplicable to property which is subject to a reversionary interest (*see Grant v Koenig*, 39 AD2d 1000 [1972]; *Landmark West! v City of New York*, 9 Misc 3d 563, 573 [Sup Ct, NY County 2005]; *Matter of Central Parkway,* 140 Misc 727, 728-729 [Sup Ct, Schenectady County 1931]). Where "the land acquired by the [municipality] for public . . . purposes was conveyed subject to a condition subsequent it is not under the control of the Legislature" (*Grant v Koenig*, 39 AD2d at 1001). Thus, the Supreme Court properly denied those branches of the amended petition seeking to annul the agreement.

Moreover, the Supreme Court properly denied that branch of the amended petition which alleged a violation of SEQRA, inasmuch as the Board's approval of the execution of the agreement was not an "action[ ]" subject to SEQRA review (6 NYCRR 617.2 [b]; *see* ECL 8-0105 [4]; *Matter of Town of Woodbury v County of Orange*, 114 AD3d 951, 954 [2014]; *Briody v Village of Lewiston*, 188 AD2d 1017 [1992]; *Matter of Kuzma v City of Buffalo*, 11 Misc 3d 1061[A], 2006 NY Slip Op 50338[U] [Sup Ct, Cattaraugus County 2006], *revd on other grounds* 45 AD3d 1308 [2007]). In any event, the Board's determination that approval of the agreement would not have a significant negative impact on the environment was not arbitrary and capricious (*see* 6 NYCRR 617.7 [a] [2]; *Matter of Bogensberger v Town Bd. of Town of Brookhaven*, 197 AD2d 685 [1993]).

The petitioners' remaining contention is not properly before this Court. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.