■ MICHAEL MARCEDA et al., Respondents, v BRYAN J. MITKOWSKI, Appellant. [35 NYS3d 246]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that a recorded easement over a certain portion of the plaintiffs' real property has been extinguished and for injunctive relief, the defendant appeals from a judgment of the Supreme Court, Rockland County (Berliner, J.), dated July 30, 2014, which, upon an order of the same court dated July 7, 2014, granting the plaintiffs' motion for summary judgment on the complaint and dismissing the defendant's counterclaims, is in favor of the plaintiffs and against him declaring, inter alia, that the recorded easement was extin-

guished and permanently enjoining him from using the easement to access his property.

Ordered that the judgment is affirmed, with costs.

Bryan J. Mitkowski commenced a prior action against Michael Marceda seeking to permanently enjoin Marceda from interfering with Mitkowski's use of an easement described in a written easement agreement dated October 23, 1961 (hereinafter the 1961 Easement Agreement). In that action, Mitkowski alleged, inter alia, that by virtue of the 1961 Easement Agreement, he had a right of way to use a paved driveway on Marceda's property as a means of ingress and egress to and from the rear of his property. In an order dated December 18, 2013, the Supreme Court granted those branches of Marceda's cross motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

One day after Mitkowski commenced the prior action, Marceda and his wife (hereinafter together the plaintiffs) commenced this action, inter alia, for a judgment declaring that the easement in the 1961 Easement Agreement has been extinguished. The plaintiffs alleged that the 1961 Easement Agreement only granted Mitkowski an easement to use the driveway to access a garage on his property, and the garage no longer exists. Mitkowski answered the complaint and asserted counterclaims seeking, inter alia, a declaration that he has a right of way to use the driveway to access the rear of his property. On or about February 10, 2014, the plaintiffs moved for summary judgment on the complaint and dismissing Mitkowski's counterclaims. The Supreme Court granted the plaintiffs' motion in an order dated July 7, 2014. A judgment was then entered upon the order. Mitkowski appeals from the judgment.

In a decision and order dated November 4, 2015—after the instant appeal was fully briefed—this Court affirmed so much of the December 18, 2013, order in the prior action as granted those branches of Marceda's cross motion which were to dismiss the complaint in that action (*see Mitkowski v Marceda*, 133 AD3d 574 [2015]).

Collateral estoppel "bars relitigation of an issue which has necessarily been decided in [a] prior action and is decisive of the present action if there has been a full and fair opportunity to contest the decision now said to be controlling" (*Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199 [2008] [internal quotation marks omitted]). "For the bar to apply, the issue must have been material to the first action and 'essential to the decision rendered therein,' and it must be the point that

is to be determined in the second action, such that 'a different judgment in the second would destroy or impair rights or interests established by the first' " (*74 Eldert, LLC v Sharp*, 138 AD3d 819, 820 [2016], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]).

The decisive issues in this action were necessarily decided against Mitkowski on his prior appeal, wherein this Court affirmed the granting of those branches of Marceda's cross motion which were to dismiss the complaint in the prior action (*see Mitkowski v Marceda*, 133 AD3d 574 [2015]). In doing so, this Court explicitly held that "[t]he clear and unambiguous language of the 1961 Easement Agreement demonstrated that [Mitkowski's] predecessors-in-interest were granted a limited easement to use the driveway as a means of ingress and egress 'only to and from the garage' on their property, not an unrestricted and unqualified right to use the driveway as a means of ingress and egress to and from the rear of their property" (*id*. at 575-576).

Accordingly, Mitkowski is barred by the doctrine of collateral estoppel from relitigating the issues he raises on this appeal (*see Hoffer v Bank of Am., N.A.*, 136 AD3d 750, 751 [2016]; *Matter of S&R Dev. Estates, LLC v Feiner*, 132 AD3d 772, 774 [2015]). Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.