■ In the Matter of WILLOWS CONDOMINIUM ASSOCIATION et al., Appellants, v TOWN OF GREENBURGH et al., Respondents. [60 NYS3d 233]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Cacace, J.), dated April 15, 2016, as granted those branches of the motion of the Town of Greenburgh, the Zoning Board of Appeals of the Town of Greenburgh, and John Lucido, as Building Inspector of Town of Greenburgh, which were pursuant to CPLR 3211 (a) and, in effect, CPLR 7804 (f), to dismiss the first cause of action and so much of the second cause of action as sought mandamus to compel, and dismissed those portions of the petition.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioners sent a letter to John Lucido, the Building Inspector of the Town of Greenburgh (hereinafter the Building Inspector), alleging that a nearby nursery located in the Town was illegally manufacturing mulch and topsoil on the premises. The Building Inspector thereafter sent a notice of violation letter to the nursery, demanding generally that it comply with applicable local zoning laws.

The petitioners deemed the Building Inspector's actions in response to their complaint inadequate, and they allegedly filed an application with the Zoning Board of Appeals of the Town (hereinafter the ZBA) to review the Building Inspector's failure to issue a formal determination of their complaint. The petitioners contended that the ZBA declined to consider the merits of their application.

The petitioners subsequently commenced this CPLR article 78 proceeding in the nature of mandamus, inter alia, to compel the Town and the Building Inspector to render a formal determination of the allegations made in their letter to the Building Inspector, and to compel the ZBA to hear and determine their application challenging the Building Inspector's failure to issue a formal determination of the allegations contained in their letter.

The Building Inspector, the Town, and the ZBA subsequently moved to dismiss, among other things, the portions of the petition which sought mandamus to compel, arguing, inter alia, that the petition failed to state a cause of action for such relief. In an order and judgment dated April 15, 2016, the Supreme Court, among other things, granted those branches of the respondents' motion. The petitioners appeal. We affirm the order and judgment insofar as appealed from.

"Mandamus . . . is an extraordinary remedy that, by definition, is available only in limited circumstances" (*Klostermann v Cuomo*, 61 NY2d 525, 537 [1984]). "[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (*Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994]).

A discretionary act "involve[s] the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (*Tango v Tulevech*, 61 NY2d 34, 41 [1983]; *see New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]). "For example, the decision to prosecute a suit is a matter left to the public officer's judgment and, therefore, cannot be compelled" (*Klostermann v Cuomo*, 61 NY2d at 539; *see People ex rel. Hammond v Leonard*, 74 NY 443, 446-447 [1878]).

"The general principle [is] that mandamus will lie against an administrative officer only to compel him [or her] to perform a legal duty, and not to direct how he [or she] shall perform that duty" (*People ex rel. Schau v McWilliams*, 185 NY 92, 100 [1906]; *see Klostermann v Cuomo*, 61 NY2d at 540). A party seeking mandamus must show a "clear legal right" to relief (*Matter of County of Fulton v State of New York*, 76 NY2d 675, 678 [1990] [internal quotation marks omitted]; *see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]).

Here, the first cause of action alleged that the Town Code required the Town and the Building Inspector to issue a formal

determination of the allegations contained in the letter they sent to the Building Inspector. Contrary to the allegations in the petition, there is nothing in the plain language of the Town Code which imposes a duty on the Building Inspector or the Town to issue a formal determination in response to every allegation or complaint received by his office (*see* Code of Town of Greenburgh § 100-5 [A]). Even assuming the Town Code imposes a non-discretionary duty on the Building Inspector to "review and investigate complaints" (Code of Town of Greenburgh § 100-5 [A] [5]), the petitioners have failed to cite any provision of law that would require the Building Inspector to issue a formal determination of the merits of every allegation that he received. Rather, the decision of how to respond to alleged violations of the Town's building code is effectively left to the discretion of the Building Inspector (*see generally Matter of Saks v Petosa*, 184 AD2d 512, 513 [1992]; *Matter of Young v Town of Huntington*, 121 AD2d 641, 642 [1986]; *Matter of Fried v Fox*, 49 AD2d 877, 878 [1975]). Accordingly, since the first cause of action failed to adequately allege a "clear legal right" to the issuance of a formal determination of the allegations contained in the petitioners' letters (*Matter of County of Fulton v State of New York*, 76 NY2d at 678 [internal quotation marks omitted]), the Supreme Court properly granted that branch of the respondents' motion which was to dismiss the first cause of action asserted in the petition for failure to state a cause of action (*see Willow Woods Manufactured Homeowner's Assn., Inc. v R & R Mobile Home Park, Inc.*, 81 AD3d 930, 934 [2011]; *see also New York Civ. Liberties Union v State of New York*, 4 NY3d at 184).

The portion of the second cause of action which is at issue on this appeal sought to compel the ZBA to "hear and determine" the petitioners' application for review of the Building Inspector's failure to issue a formal determination of their allegations. In this regard, the petitioners have failed to adequately allege that the ZBA had a non-discretionary duty to determine the merits of their application to review the failure of the Building Inspector to issue a formal determination in response to their allegations. To the contrary, the ZBA's appellate jurisdiction is limited to reviewing an "order, requirement, decision, interpretation, or determination" (Town Law § 267-a [4]; *see* Code of Town of Greenburgh § 285-48 [A], [B]). Accordingly, since the petitioners failed to adequately allege a "clear legal right" to the issuance of a formal determination of the merits of their application to the ZBA (*Matter of County of Fulton v State of New York*, 76 NY2d at 678 [internal quotation marks omitted]), the Supreme Court properly granted that branch of

the respondents' motion which was to dismiss so much of the second cause of action as sought mandamus to compel the ZBA to hear and determine their application for review of the Building Inspector's failure to issue a formal determination of their complaint.

In light of our determination, we need not reach the parties' remaining contentions. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.