Matter of Kleinknecht v Siino (2018 NY Slip Op 06908)





Matter of Kleinknecht v Siino


2018 NY Slip Op 06908


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-01287
 (Index No. 5989/16)

[*1]In the Matter of Richard Kleinknecht, et al., respondents,
v James Siino, etc., appellant.


Humes & Wagner, LLP, Locust Valley, NY (John Ritter, Jr., of counsel), for appellant.
Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Robert P. Lynn, Jr., Joseph Covello, Moshe O. Boroosan, and Tiffany Frigenti of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the issuance of a building permit to the petitioners, James Siino, the Building Inspector for the Village of Lloyd Harbor, appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Daniel R. Palmieri, J.), entered January 10, 2017. The order and judgment denied the appellant's motion to dismiss the proceeding, granted the petition, and directed the appellant to issue a building permit.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof directing the appellant to issue a building permit, and substituting therefor a provision directing the appellant to forward the petitioners' permit application to the Village of Lloyd Harbor Site and Building Permit Review Board in accordance with Village of Lloyd Harbor Code § 205-33(A); as so modified, the order and judgment is affirmed, without costs or disbursements.
The petitioners own waterfront property (hereinafter the subject property) in the Village of Lloyd Harbor (hereinafter the Village). At the time of purchase, the subject property was encumbered by an open space easement subject to condition subsequent inuring to the benefit of the Village, which, among other things, prohibited the construction of a dock. The petitioners made three attempts to obtain the Village's permission to build a dock despite the easement, each of which led to proceedings before the Supreme Court.
In their first attempt (hereinafter Kleinknecht I) the petitioners sought to annul a determination of the Village's Planning Board (hereinafter the Planning Board) denying their application to modify a restriction in a 1993 resolution requiring that deeds to the encumbered waterfront lots, including the petitioners' lot, restate the prohibition on dock construction. The Supreme Court found the Planning Board's determination was arbitrary and capricious in light of certain subsequent actions taken by the Village that defeated the original purpose of the open space easement (see RPAPL 1951[1]). By judgment dated November 20, 2013, the court directed the Village to issue a permit upon the filing of an appropriate or "required" application. The Village did not appeal from the judgment.
In their second attempt the petitioners sought to annul a determination of the Village's Zoning Board of Appeals (hereinafter the ZBA) denying their application for area variances to build a dock on their waterfront property. The proposed dock was not in conformity with the Village's zoning code. The ZBA denied the application both on the substantive record before it and in light of the Village's open space easement, which the ZBA determined was still enforceable. In a judgment entered August 27, 2015, the Supreme Court held that the ZBA's determination was rational and not arbitrary and capricious for reasons independent of whether the easement was still enforceable. The petitioners appealed from the judgment, and we affirmed (see Matter of Kleinknecht v Brogan, _____ AD3d _____ [Appellate Division Docket No. 2015-12276; decided herewith]).
In their third attempt, the petitioners applied for a permit to build a dock that purportedly conformed with the Village's zoning code. The Village's Building Inspector, James Siino (hereinafter the Building Inspector), refused to consider the permit application on the ground that the open space easement deprived him of jurisdiction to do so under the "parkland alienation doctrine." The petitioners commenced this proceeding in the nature of mandamus to compel the issuance of a building permit. The Building Inspector thereafter moved to dismiss the proceeding pursuant to CPLR 404(a) and CPLR 3211(a)(4) and (5). By order and judgment (one paper) entered January 10, 2017, the Supreme Court denied the Building Inspector's motion to dismiss the proceeding, granted the petition, and directed the Building Inspector to issue the requested permit. The Building Inspector appeals, and we modify.
" Mandamus . . . is an extraordinary remedy that, by definition, is available only in limited circumstances'" (Matter of Willows Condominium Assn v Town of Greenburgh, 153 AD3d 535, 536, quoting Klostermann v Cuomo, 61 NY2d 525, 537). " The general principle [is] that mandamus will lie against an administrative officer only to compel him [or her] to perform a legal duty, and not to direct how he [or she] shall perform that duty'" (Matter of Willows Condominium Assn. V Town of Greenburgh, 153 AD3d at 536, quoting People ex rel. Schau v McWilliams, 185 NY 92, 100). A party seeking mandamus must show a " clear legal right'" to relief (Matter of County of Fulton v State of New York, 76 NY2d 675, 678, quoting Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16).
Here, the Village of Lloyd Harbor Code provides that "[e]very completed application for a building permit for the construction of any building within the [Village] . . . shall be referred by the Building Inspector to the Site and Building Permit Review Board of the Village for review. Such referral shall be made within 21 days of the date that the completed application is received by the Building Inspector, provided that such application conforms in all respects to all other applicable laws and ordinances" (Village of Lloyd Harbor Code § 205-33[A]). There is no dispute that the petitioners' application giving rise to this proceeding conforms in all respects to the zoning code. The Building Inspector therefore had a nondiscretionary legal duty to refer the petitioners' application to the site and Building Permit Review Board within 21 days (see Village of Lloyd Harbor Code § 205-33[A]). The petitioners demonstrated that the Building Inspector refused to do so. The petitioners therefore established a clear legal right to compel the Building Inspector to comply with the Village of Lloyd Harbor Code § 205-33(A).
The Building Inspector contends that the petitioners failed to establish their clear legal right to relief because the Village held a valid open space easement enforceable against the petitioners. In response, the petitioners contend that the issue of the validity of the open space easement was decided in their favor in Kleinknecht I, and that the Building Inspector therefore is estopped from asserting its validity here. The petitioners are correct. "Collateral estoppel applies if the identical issue sought to be precluded was necessarily decided in an earlier action, at which the party opposing preclusion had a full and fair opportunity to contest the issue" (Auqui v Seven Thirty One Ltd. Partnership, 20 NY3d 1035, 1037; see Wax v 716 Realty, LLC, 151 AD3d 902, 904). " For the bar to apply, the issue must have been material to the first action and essential to the decision rendered therein, and it must be the point that is to be determined in the second action, such that a different judgment in the second [action] would destroy or impair rights or interests established by the first'" (Marceda v Mitkowski, 141 AD3d 508, 509-510, quoting 74 Eldert, LLC v Sharp, 138 [*2]AD3d 819, 820). In Kleinknecht I, the Supreme Court considered a dispute arising from the petitioners' efforts to obtain a release from the Village's open space easement. In adjudicating that dispute, the court had before it all of the necessary evidence relating to the open space easement. The court directed the Village to issue a permit to the petitioners so that they could build a dock. Given the posture of that litigation, the court's directive, and the content of the court's decision, it is clear that the court necessarily decided the issue of whether the Village had, as against the petitioners, an enforceable property interest (see RPAPL 1951[1]), and that the court decided the issue in the petitioners' favor. Therefore, the Building Inspector, who was in privity with the Village officials in Kleinknecht I (see Matter of Noble, 31 AD3d 643, 645), was estopped from asserting the validity of the open space easement in opposition to the instant CPLR article 78 petition (see Schwarz v Schwarz, 150 AD3d 915, 917; JP Morgan Chase Bank v Ezagui, 90 AD3d 714, 715-716; Toscano v 4B's Realty VIII Southampton Brick & Tile, LLC, 84 AD3d 780, 781).
The Building Inspector misplaces reliance on the "parkland alienation" doctrine. "Parkland alienation" is a long-standing common-law principle holding that "dedicated" parkland "is impressed with a public trust, and requiring legislative approval before it can be alienated or used for an extended period for non-park purposes" (Friends of Van Cortlandt Park v City of New York, 95 NY2d 623, 630-631; see Brooklyn Park Commrs. v Armstrong, 45 NY 234, 243). The parkland alienation rule is inapplicable here because the petitioners' land is not dedicated parkland (see Matter of Rappaport v Village of Saltaire, 130 AD3d 930, 931-932; Grant v Koenig, 39 AD2d 1000, 1001).
Nevertheless, the Supreme Court should not have, at this juncture, issued a judgment directing the Building Inspector to grant the permit. The Village of Lloyd Harbor Code (hereinafter the Village Code) requires that the Building Inspector "refer" an application "to the Site and Building Permit Review Board . . . within 21 days of the date that the completed application is received by the Building Inspector" (Village of Lloyd Harbor Code § 205-33[A]). The Village Code also provides that the Site and Building Permit Review Board is to "review and approve [the application], with or without conditions, or it shall disapprove any building permit application referred to it" (id. at § 205-34[A]). The Building Inspector may issue a building permit only upon approval by the Site and Building Permit Review Board" (id. at § 205-35). Here, the court's directive to the Building Inspector bypassed these provisions of the Village Code and, thus, exceeded the relief to which the petitioners were entitled (see Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d at 536-537; Matter of Highland Hall Apts., LLC v New York State Div. of Hous. & Community Renewal, 66 AD3d 678, 682; Matter of Laurel Realty LLC v Planning Bd. of Town of Kent, 40 AD3d 857, 861).
The Building Inspector's remaining contention is without merit.
Accordingly, we modify the order and judgment by directing the Building Inspector to forward the petitioners' permit application to the Village's Site and Building Permit Review Board in accordance with Village of Lloyd Harbor Code § 205-33(A).
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court