New York Yacht Club v Lehodey (2019 NY Slip Op 02643)





New York Yacht Club v Lehodey


2019 NY Slip Op 02643


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


150632/16 -8924 8923 8922

[*1]New York Yacht Club, Plaintiff-Appellant,
v John Lehodey, et al., Defendants-Respondents.


Goetz Fitzpatrick LLP, New York (John B. Simoni, Jr. of counsel), for appellant.
Loeb & Loeb LLP, New York (Gil Feder of counsel), for John Lehodey, Sofitel New York Hotel, Accor Business and Leisure North America Inc. and Normandie, LLC, respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (I. Elie Herman of counsel), for Accor North America Inc., respondent.
Allegaert Berger & Vogel LLP, New York (Richard L. Mattiaccio of counsel), for KSSNY, Inc., respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 21, 2017, which granted defendants' motions to dismiss the complaint as against them pursuant to CPLR 3211(a)(5), unanimously affirmed, with costs.
Plaintiff asserts seven causes of action in connection with defendants' construction of a 30-story building adjacent to its own shorter building, alleging, inter alia, that defendants failed to give it the requisite notice of their plans to build and failed to extend the chimneys and flues of its building, as required by Administrative Code of City of NY § 27-860. Construction was completed on the new building no later than 2004. This action was not commenced until 2016.
The cause of action under Administrative Code § 27-860 accrued at the time of the completion of construction, and is governed by a three-year statute of limitations (CPLR 214[2]; see e.g. West Chelsea Bldg. LLC v Guttman, 139 AD3d 39 [1st Dept 2016]). Plaintiff's argument that defendants' noncompliance with § 27-860 represents a continuing wrong is unavailing. There has been no continuing wrongful conduct, only the continuing effects of the earlier alleged wrongful conduct (see generally Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024 [2013]; Henry v Bank of Am., 147 AD3d 599 [1st Dept 2017]). Similarly, plaintiff's purported continuing trespass claim is barred by the applicable three-year statute of limitations (CPLR 214[2], [4]), as the extent of its present damage claims was realized in 2004 when the new building was completed, and it is only the continuing effects of the original construction work that linger.
Plaintiff failed to establish that there is a basis for finding the statutes of limitation that [*2]govern the remaining causes of action inapplicable.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK