Matter of New York City Yacht Club v New York City Dept. of Bldgs. (2019 NY Slip Op 04097)





Matter of New York City Yacht Club v New York City Dept. of Bldgs.


2019 NY Slip Op 04097


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9428 100643/17

[*1]In re New York City Yacht Club, Petitioner-Respondent-Appellant,
v
The New York City Department of Buildings, et al., Respondents-Appellants-Respondents, Sofitel New York Hotel, et al., Intervenors.


Zachary W. Carter, Corporation Counsel, New York (Lorenzo D. Silvio of counsel), for appellants-respondents.
Goetz FitzPatrick LLP, New York (John B. Simoni, Jr. of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered on May 2, 2018, which granted the petition to compel respondent Department of Buildings (DOB) to issue a notice of violation to the past and present owners of intervenor Sofitel New York Hotel to the extent of directing DOB to issue a final determination as to whether to issue a notice of violation, unanimously modified, on the law, to vacate the direction to issue a final determination, and otherwise affirmed, without costs.
DOB's determination not to issue a notice of violation to the past and present owners of the Sofitel Hotel for failure to comply with Administrative Code of City of NY § 27-860 following its own inspection involved the exercise of discretion, not the performance of a mandatory, non-discretionary act; a writ of mandamus to compel is therefore not available (see Alliance to End Chickens as Kaporos v New York City Police Dept., 152 AD3d 113, 117 [1st Dept 2017], affd 32 NY3d 1091 [2018]; Matter of James v City of New York, 154 AD3d 424, 425 [1st Dept 2017], lv dismissed 32 NY3d 1036 [2018]; Mater of Young v Town of Huntington, 121 AD2d 641, 642 [2d Dept 1986]). Petitioner is also not entitled to a writ of mandamus compelling DOB to issue a final determination on petitioner's request, which would afford petitioner further administrative review by the New York City Board of Standards and Appeals, as it identified no authority establishing that it has a clear legal right to the issuance of such a final determination (see Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d 535, 536-537 [2d Dept 2017]).
Assuming that DOB's letter to petitioners was a final determination permitting article 78 review, the fact that the determination involved the exercise of discretion does not mean that it is unreviewable under CPLR 7803(3) (Matter of Anonymous v Commissioner of Health, 21 AD3d 841, 843 [1st Dept 2005]). However, petitioner failed to establish that DOB's determination not to issue a violation was arbitrary and capricious or constituted an abuse of discretion (see generally Matter of 1234 Broadway, LLC v New York State Div. of Hous. & Community Renewal, 102 AD3d 628, 629 [1st Dept 2013]), given the lapse in time between the completion of construction and petitioner's complaint to DOB (see New York Yacht Club v Lehodey, __ AD3d __, 2019 NY Slip Op 02643 [1st Dept 2019]; see also Matter of Franklin St. Realty Corp. v NYC Envtl. Control Bd., 164 AD3d 19, 24 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK