Matter of Mensch v Planning Bd. of the Vil. of Warwick (2020 NY Slip Op 07578)





Matter of Mensch v Planning Bd. of the Vil. of Warwick


2020 NY Slip Op 07578


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-12524
 (Index No. 2552/18)

[*1]In the Matter of Linda Mensch, et al., appellants,
v
Planning Board of the Village of Warwick, et al., respondents; Boris Rudzinski, et al., nonparty-respondents.


David K. Gordon, Poughkeepsie, NY, for appellants.
Dickover, Donnelly & Donovan, LLP, Goshen, NY (Michael H. Donnelly and David A. Donovan of counsel), for respondent Planning Board of the Village of Warwick and nonparty-respondent Boris Rudzinski.
Jacobowitz & Gubits, LLP, Walden, NY (John C. Capello and Kara J. Cavallo of counsel), for respondent 16 Elm Street Realty, LLC.
Peter D. Barlet, Warwick, NY, for nonparty-respondents Frank Petrucci, Lynn Crane, and Glenn Petrucci.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review determinations of the Town of Warwick Planning Board dated September 21, 2017, and February 15, 2018, adopting a negative declaration under the State Environmental Quality Review Act and granting the application of 16 Elm Street Realty, LLC, for site plan approval, and action, inter alia, for a judgment declaring that the use of the subject property by 16 Elm Street Realty, LLC, does not comply with the zoning provisions of the Village of Warwick, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Elaine Slobod, J.), dated August 6, 2018. The order and judgment granted the motion of the respondent/defendant Planning Board of the Village of Warwick and nonparty Boris Rudzinski, the separate motion of the respondent/defendant 16 Elm Street Realty, LLC, and the separate motion of nonparties Frank Petrucci, Lynn Crane, and Glenn Petrucci to dismiss the petition/complaint insofar as asserted against each of them, and, in effect, dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
Siblings Frank D. Petrucci, Lynn Crane, and Glenn Petrucci (hereinafter collectively the owners) own property in the Village of Warwick, located at 16 Elm Street (hereinafter the property). In January 2017, developer 16 Elm Street Realty, LLC (hereinafter the developer), sought approval of a site plan (hereinafter the site plan) to develop the property as a restaurant/catering facility from the Planning Board of the Village of Warwick (hereinafter the Planning Board). The Planning Board issued a negative declaration for the proposed development pursuant to the State Environmental Quality Review Act in September 2017. On February 15, 2018, the Planning Board [*2]approved the site plan.
The petitioners/plaintiffs own properties bordering the property. They commenced the instant hybrid proceeding and action to annul the Planning Board's site plan approval and negative declaration, to compel the Village of Warwick Building Inspector (hereinafter the Building Inspector) to issue a written determination regarding the compliance of the site plan with the Village of Warwick Zoning Code (hereinafter the Zoning Code), and to declare that the subject development project violates certain provisions of the Zoning Code.
The petitioners/plaintiffs failed to name the owners as parties when they commenced the instant proceeding/action in March 2018. They subsequently amended their pleadings and, in April 2018, served the instant amended petition/complaint on the owners, among others.
The petitioners/plaintiffs do not dispute that the owners are necessary parties, or that the 30-day statute of limitations applicable to their challenges to the site plan approval expired before they filed and served the amended petition and complaint against the owners in April 2018 (see Village Law § 7-725-a[11]). Nevertheless, the petitioners/plaintiffs contend that the first three causes of action, which assert violations of the Zoning Code, and the fourth cause action, which sounds in mandamus and seeks to compel review of the site plan by the Building Inspector, were timely, and that the relation-back doctrine applies to the fifth, sixth, and seventh causes of action, which seek review of, inter alia, the Planning Board's approval of the site plan, so as to render them also timely. We agree with the Supreme Court's determination that the amended petition/complaint must be dismissed due to the petitioners/plaintiffs' failure to timely join the owners as necessary parties (see Matter of Ferruggia v Zoning Bd. of Appeals of the Town of Warwick, 5 AD3d 682, 683).
Where a declaratory judgment action seeks an adjudication of rights that could be resolved in a proceeding pursuant to CPLR article 78, the statute of limitations applicable to a CPLR article 78 proceeding applies (see CPLR 217[1]; Matter of Banos v Rhea, 25 NY3d 266, 276; Lenihan v New York, 58 NY2d 679, 682; Solnick v Whalen, 49 NY2d 224, 229). Here, the petitioners/plaintiffs' contentions that the subject project violated stated provisions of the Zoning Code were properly asserted in their CPLR article 78 challenge to the Planning Board's approval of the site plan. Thus, the limitations period governing that type of proceeding—in this case, the 30-day statute of limitations for challenges to site plan approvals set forth in Village Law § 7-725-a(11)—applies to the petitioners/plaintiffs' requests for declaratory relief with respect to the subject project's compliance with the Zoning Code (see Matter of Greens at Half Hollow, LLC v Suffolk County Dept. of Pub. Works, 147 AD3d 942, 944; Block 3066, Inc. v City of New York, 89 AD3d 655; Cloverleaf Realty of NY, Inc. v Town of Wawayanda, 43 AD3d 419, 420).
In the fourth cause of action, the petitioners/plaintiffs seek mandamus compelling the Building Inspector to determine whether the site plan complies with the Zoning Code.
"Mandamus . . . is an extraordinary remedy that, by definition, is available only in limited circumstances" (Klostermann v Cuomo, 61 NY2d 525, 537; see Matter of Kleinknecht v Siino, 165 AD3d 936, 938; Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d 535, 536). "'[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion'" (Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d at 536, quoting Matter of Brusco v Braun, 84 NY2d 674, 679). "A discretionary act 'involve[s] the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result'" (Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d at 536, quoting Tango v Tulevech, 61 NY2d 34, 41).
"'The general principle [is] that mandamus will lie against an administrative officer only to compel him [or her] to perform a legal duty, and not to direct how he [or she] shall perform that duty'" (Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d at 536, [*3]quoting People ex rel. Schau v McWilliams, 185 NY 92, 100). "A party seeking mandamus must show a 'clear legal right' to relief" (Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d at 536, quoting Matter of County of Fulton v State of New York, 76 NY2d 675, 678 [internal quotation marks omitted]).
Here, the fourth cause of action alleges that the Village Code of the Village of Warwick (hereinafter the Village Code) required the Building Inspector to issue a formal determination of the allegations contained in an August 2017 letter the petitioners/plaintiffs' counsel sent to the Building Inspector which, in effect, sought an advisory opinion regarding the compliance of the proposed project with the Zoning Code. Despite the petitioners/plaintiffs' assertion to the contrary, the plain language of the Village Code did not impose a duty upon the Building Inspector to issue a formal determination in response to their counsel's letter (see Village Code § 145-149.4).
With respect to the first three causes of action, which seek review of the Planning Board's approval of the site plan and the negative declaration, the petitioners/plaintiffs argue that the relation-back doctrine applies here such that the otherwise late joinder of the owners was timely.
The relation-back doctrine "allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are 'united in interest'" (Buran v Coupal, 87 NY2d 173, 177, quoting CPLR 203[b]). "In order for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him or her as well" (Mileski v MSC Indus. Direct Co., Inc., 138 AD3d 797, 799-300; see Buran v Coupal, 87 NY2d at 178).
Here, although the causes of action all arose out of the same conduct, the petitioners/plaintiffs failed to show that the owners are united in interest with the developer, as required by the second prong of the relation-back doctrine. Moreover, the petitioners/plaintiffs "failed to demonstrate a mistake as to the identity of the proper party or parties at the time of the original pleading," which is necessary to the application of the relation-back doctrine (Matter of Ferruggia v Zoning Bd. of Appeals of the Town of Warwick, 5 AD3d at 683).
Accordingly, we affirm the order and judgment.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court