Matter of Capital Equity Mgt., LLC v Sunshine (2023 NY Slip Op 06246)

Matter of Capital Equity Mgt., LLC v Sunshine

2023 NY Slip Op 06246

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2021-09091
 (Index No. 522142/20)

[*1]In the Matter of Capital Equity Management, LLC, respondent, 
v
Nancy T. Sunshine, in her official capacity as Kings County Clerk and Clerk of the Supreme Court, Kings County, appellant.

Eileen D. Millett, New York, NY (Mindy Jeng of counsel), for appellant.
Daniel E. Sully, Brooklyn, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel Nancy T. Sunshine, in her official capacity as Kings County Clerk and Clerk of the Supreme Court, Kings County, to process the petitioner's application for a default judgment in favor of the petitioner and against Rosalie Blair, also known as Rosalie Douglas, also known as Rosalie Blair-Douglas, in an action entitled Capital Equity Management, LLC v Blair, commenced in the Supreme Court, Kings County, under Index No. 3651/19, in the same manner "as the Judgment Clerk would process any other default application for a sum certain pursuant to CPLR 3215," Nancy T. Sunshine, in her official capacity as Kings County Clerk and Clerk of the Supreme Court, Kings County, appeals from a judgment of the Supreme Court, Kings County (Debra Silber, J.), dated November 30, 2021. The judgment granted the petition and directed Nancy T. Sunshine, in her official capacity as Kings County Clerk and Clerk of the Supreme Court, Kings County, to process the petitioner's default judgment application in the underlying action in the same manner as "any other default judgment application for a sum certain."
ORDERED that the judgment is affirmed, with costs.
On July 6, 2010, Capital Equity Management, LLC (hereinafter Capital Equity), was awarded a judgment in the sum of $11,013 against Rosalie Blair, also known as Rosalie Douglas, also known as Rosalie Blair-Douglas (hereinafter the judgment debtor), in an action entitled Capital Equity Management, LLC v Blair, commenced in the Civil Court, Kings County, under Index No. 95441/08. In October 2019, Capital Equity commenced an action against the judgment debtor in the Supreme Court, Kings County, under Index No. 3651/19 (hereinafter the underlying action), for a renewal judgment pursuant to CPLR 5014. The judgment debtor failed to answer the complaint or appear in the underlying action. On September 20, 2020, Capital Equity filed an application with the Kings County Clerk for the entry of a default judgment against the judgment debtor. In response, the Kings County Clerk's Office indicated that the application for a default judgment had to be addressed to the court, rather than to the Kings County Clerk, as the underlying action was for a renewal judgment.
In November 2020, Capital Equity commenced this proceeding pursuant to CPLR [*2]article 78 in the nature of mandamus to compel Nancy T. Sunshine, in her official capacity as Kings County Clerk and Clerk of the Supreme Court, Kings County (hereinafter the Clerk), to process Capital Equity's application for a default judgment in the underlying action in the same manner "as the Judgment Clerk would process any other default application for a sum certain pursuant to CPLR 3215." In a judgment dated November 30, 2021, the Supreme Court granted the petition and directed the Clerk to process Capital Equity's default judgment application in the underlying action in the same manner as "any other default judgment application for a sum certain." The Clerk appeals.
"The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought" (Matter of Lewis v Jamieson, 214 AD3d 811, 811; see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16). The remedy of mandamus does not lie to compel an act which involves an exercise of discretion (see Matter of Mensch v Planning Bd. of the Vil. of Warwick, 189 AD3d 1245, 1247). "A discretionary act 'involve[s] the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result'" (Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d 535, 536, quoting Tango v Tulevech, 61 NY2d 34, 41).
Under the circumstances of this case, Capital Equity demonstrated a clear legal right to have the Clerk process its application for a default judgment in the same manner as "any other default judgment application for a sum certain" (see Matter of Cruz v D'Emic, 194 AD3d 927, 928). Pursuant to CPLR 3215(a), "[i]f the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain, application [for a default judgment] may be made to the clerk within one year after the default," and "[t]he clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305, plus costs and interest." "The term 'sum certain' . . . contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments," in which instance "the clerk . . . functions in a purely ministerial capacity" (Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572).
Here, Capital Equity's underlying claim was for a sum certain, since it was premised on the money judgment awarded on July 6, 2010. Further, there is no dispute that the judgment has not been partially or completely satisfied, as the judgment debtor was deemed to have admitted the allegation in the complaint in the underlying action that the judgment "has not been satisfied partially or fully" by defaulting in answering or appearing in that action (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; LD Acquisition Co. 9, LLC v TSH Trade Group, LLC, 211 AD3d 928, 930).
The Clerk's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the petition and directed the Clerk to process the subject default judgment application in the same manner as "any other default judgment application for a sum certain."
DUFFY, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court