Matter of Griffin v Westchester County (2024 NY Slip Op 04202)

Matter of Griffin v Westchester County

2024 NY Slip Op 04202

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2022-03257
 (Index No. 65623/21)

[*1]In the Matter of John Griffin, etc., appellant,
v
Westchester County, et al., respondents.

Gil V. Perez, New York, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen and Alida Marcos of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondents to enforce certain provisions of the Westchester County Administrative Code, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated March 14, 2022. The order and judgment granted the respondents' motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner is a member of the Westchester County Board of Plumbing Examiners (hereinafter the Plumbing Board). In 2021, the petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondents, Westchester County and two employees of the Westchester County Office of Weights and Measures—Consumer Protection, to enforce certain provisions of the Westchester County Administrative Code (hereinafter WCAC) requiring that one or more County-licensed master plumbers own at least 51% of the voting capital stock of any "partnership, corporation or other business association" seeking to carry on the business of plumbing within the County (WCAC § 277.509[A]; see § 277.503). In an order and judgment dated March 14, 2022, the Supreme Court granted the respondents' motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition and dismissed the proceeding. The petitioner appeals.
"Mandamus to compel performance is an extraordinary remedy that is available only in limited circumstances" (Matter of Hene v Egan, 206 AD3d 734, 735; see Matter of County of Fulton v State of New York, 76 NY2d 675, 678). "[M]andamus will lie against an administrative officer only to compel him or her to perform a legal duty" (Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d 535, 536 [alterations and internal quotation marks omitted]). Thus, a petitioner seeking mandamus to compel must "demonstrate a clear legal right to the relief sought" (Matter of Antwine v Evans, 219 AD3d 480, 480).
Here, the petitioner failed to identify a legal duty incumbent on the respondents. The WCAC grants sole legal authority to the Plumbing Board to revoke or suspend plumbing licenses (see WCAC § 277.510), and the petitioner identified no other statute or regulation endowing the [*2]respondents with such power, nor the duty to exercise that power. Moreover, revocation of a plumbing license is not a purely ministerial act, but rather an expressly discretionary act, requiring notice, an administrative hearing, and a finding supported by substantial evidence of violation of the relevant provisions of the WCAC (see id.). Accordingly, the Supreme Court properly granted the respondents' motion to dismiss the petition and dismissed the proceeding.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court