Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport (2023 NY Slip Op 05136)

Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport

2023 NY Slip Op 05136

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-00046
 (Index No. 998/19)

[*1]In the Matter of Jellyfish Properties, LLC, et al., appellants, 
v
Incorporated Village of Greenport, et al., respondents.

Sahn Ward PLLC, Uniondale, NY (John C. Farrell and Joseph R. Bjarnson of counsel), for appellants.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a resolution of the Board of Trustees of the Village of Greenport dated October 25, 2018, enacting Local Law No. 8-2018 of the Village of Greenport, and action for declaratory relief, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), entered July 27, 2020. The judgment, upon a decision of the same court dated May 13, 2020, in effect, denied the petition and dismissed the proceeding/action.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the third through ninth causes of action; as so modified, the judgment is affirmed, without costs or disbursements, the third through ninth causes of action are reinstated and severed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on those causes of action.
The petitioners/plaintiffs (hereinafter the petitioners) are owners of residential properties located in the Village of Greenport. For many years, the petitioners rented their properties to guests for periods between one day and two weeks. On October 25, 2018, the Board of Trustees of the Village of Greenport (hereinafter the Board) adopted a resolution enacting Local Law No. 8-2018 of the Village of Greenport (hereinafter the Local Law), which amended Chapters 103 and 150 of the Code of the Village of Greenport, inter alia, by prohibiting the "Short Term Rental of a residential property or a portion thereof . . . , except for a two family house where one of the dwelling units is either Owner Occupied or occupied as a Long Term Occupancy or a portion of a single family house, the remainder of which is Owner Occupied or occupied by a Long Term Occupancy." A "Short Term Rental" was defined under the Local Law as the "rental of residential property or a portion thereof for a term of less than 14 days."
On February 22, 2019, the petitioners commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief. The petitioners sought, pursuant to CPLR article 78, to annul the Board's resolution enacting the Local Law on the ground, inter alia, that the Board failed to comply with the procedures under the State Environmental Quality Review Act (ECL art [*2]8; hereinafter SEQRA). In addition, the petition/complaint asserted seven causes of action for declaratory relief (third through ninth causes of action). In a decision dated May 13, 2020, the Supreme Court, in effect, made a summary determination pursuant to CPLR 409(b), concluding that the CPLR article 78 causes of action and the declaratory judgment causes of action should be dismissed. In a judgment entered July 27, 2020, the court, upon the decision, in effect, denied the petition and dismissed the proceeding/action. The petitioners appeal.
"In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those to recover damages and for declaratory relief, on the other hand. The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment" (Matter of Perrotta v Syosset Cent. Sch. Dist., 210 AD3d 986, 989 [citations and internal quotation marks omitted]; see Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 932). "[W]here no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action" (Matter of Perrotta v Syosset Cent. Sch. Dist., 210 AD3d at 989 [internal quotation marks omitted]; see Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 933).
Here, the record contains no indication that the Supreme Court gave notice to the parties that it was contemplating the summary dismissal of the declaratory judgment causes of action, or that the respondents/defendants had made an application for such relief. Therefore, the court erred in summarily disposing the causes of action for declaratory relief (see Matter of Perrotta v Syosset Cent. Sch. Dist., 210 AD3d at 989; Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 933).
"A court's authority to examine a SEQRA review conducted by an entity that was required to do so is limited to reviewing whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 688; see Matter of Rimler v City of New York, 172 AD3d 868, 871). "'The relevant question before the court is whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination'" (Matter of Rimler v City of New York, 172 AD3d at 871, quoting Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d at 688).
Here, the petitioners failed to satisfy their burden of demonstrating that the procedures the Board followed under SEQRA were affected by an error of law, arbitrary and capricious, or an abuse of discretion. Rather, the record established that the Board, inter alia, held two days of public hearings and received written comments regarding the Local Law, evaluated whether any areas of potential environmental concern existed, took a hard look at them, and after a reasoned elaboration, determined that the Local Law will not have a significant negative impact on the environment.
We disagree with the petitioners' contention that the Board's environmental assessment was untimely or performed too quickly to be valid. The Board determined that the Local Law would not have any negative environmental impact. The rapid review and completion of the environmental assessment was not arbitrary and capricious (see Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 932).
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal (see Bonilla v Southside United Hous. Dev. Fund Corp., 181 AD3d 550, 551).
Accordingly, we modify the judgment by deleting the provision thereof dismissing the third through ninth causes of action. Those causes of actions are reinstated and severed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on those causes of action.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court