Matter of Vojta v Town Bd. of the Town of Huntington (2025 NY Slip Op 05525)

Matter of Vojta v Town Bd. of the Town of Huntington

2025 NY Slip Op 05525

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-00050
 (Index No. 606995/22)

[*1]In the Matter of Elizabeth Vojta, et al., appellants,
v
Town Board of the Town of Huntington, et al., respondents.

Law Offices of Jordan M. Hyman, PLLC, Rockville Centre, NY, for appellants.
Susan J. Coleman, Town Attorney, Huntington, NY (Brendan F. Black and Edward Gathman of counsel), for respondent Town Board of the Town of Huntington.
Michael L. McCarthy, P.C., Huntington, NY, for respondent BSL Dix Hills, LLC.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Huntington dated December 14, 2021, issuing a negative declaration of environmental significance pursuant to the State Environmental Quality Review Act (ECL art 8) regarding the construction of an assisted living facility, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated November 2, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs.
In 2019, the respondent BSL Dix Hills, LLC (hereinafter BSL), submitted a zone change application to the respondent Town Board of the Town of Huntington (hereinafter the Town Board) seeking approval to construct an assisted living facility. After reviewing the environmental impacts of BSL's proposal pursuant to the State Environmental Quality Review Act (SEQRA) (ECL art 8), the Town Board, in a resolution dated November 19, 2019, issued a negative declaration and approved BSL's zone change application on the condition that the proposed assisted living facility be connected to a neighboring condominium complex's sewage treatment plant. The petitioners commenced a proceeding pursuant to CPLR article 78 to review the November 19, 2019 resolution. In a judgment dated August 5, 2021, the Supreme Court granted the petition to the extent of remitting the matter to the Town Board to conduct a new review of the environmental effects associated with connecting the proposed assisted living facility to the neighboring sewage treatment plant (hereinafter the proposed sewage connection).
In response to the judgment dated August 5, 2021, the Town Board scheduled another public hearing and accepted materials from BSL, including a supplemental letter, to consider the environmental impacts of the proposed sewage connection. At the public hearing, the petitioners, their attorney, and representatives from BSL testified about the proposed sewage connection. In the interim, the Suffolk County Sewer Agency approved the proposed sewage connection, and the Town of Huntington Planning Board recommended that a revised SEQRA determination was not [*2]warranted, as its supplemental review uncovered no elements of significant environmental concern. On December 14, 2021, the Town Board adopted a resolution issuing a negative declaration of environmental significance pursuant to SEQRA regarding the proposed sewage connection.
The petitioners commenced this proceeding pursuant to CPLR article 78 to review the Town Board's December 14, 2021 resolution, on the basis that it was the product of unlawful procedure and was arbitrary and capricious and an abuse of discretion. In a judgment dated November 2, 2022, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
"Judicial review of SEQRA findings is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Tampone v Town of Red Hook Planning Bd., 215 AD3d 859, 861 [internal quotation marks omitted]). "Where an agency has followed the procedures required by SEQRA, a court's review of the substance of the agency's determination is limited [to] whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 318 [internal quotation marks omitted]; see Matter of Manocherian v Zoning Bd. of Appeals of the Town of New Castle, 201 AD3d 804, 805-806). "This review is deferential, for it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (Matter of Tampone v Town of Red Hook Planning Bd., 215 AD3d at 861 [internal quotation marks omitted]; see Matter of Youngewirth v Town of Ramapo Town Bd., 155 AD3d 755, 757).
Here, the petitioners failed to demonstrate that the Town Board committed any procedural error in its review of the environmental impacts of the proposed sewage connection (see Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport, 220 AD3d 778, 780). Contrary to the petitioners' contention, SEQRA did not require the Town Board to hold more than one public hearing or preclude the Town Board from accepting BSL's supplemental letter before taking the challenged action (see 6 NYCRR 617.2[b]; 617.3[a]; Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524, 530-531). Rather, the Town Board issued a determination in compliance with the judgment dated August 5, 2021, as well as the procedural mandates of SEQRA (see Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport, 220 AD3d at 780; Aldrich v Pattison, 107 AD2d 258, 263-264).
Moreover, the Town Board satisfied the substantive mandates of SEQRA. During the Town Board's review of the proposed sewage connection, the Town Board accepted reports and testimony to identify the potential environmental impacts attributable to the construction and maintenance of the proposed sewage connection (see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 307), took a "hard look" at them (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 235), and adopted a resolution setting forth a "reasoned elaboration" for its determination (Akpan v Koch, 75 NY2d 561, 571; see Matter of Peterson v Planning Bd. of the City of Poughkeepsie, 163 AD3d 577, 579). In doing so, the Town Board neither abused its discretion nor acted arbitrarily and capriciously (see Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport, 220 AD3d at 780; Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburg, 198 AD3d 969, 970-972). While the petitioners identified some additional potential impacts the Town Board could have considered, "[a]n agency complying with SEQRA need not investigate every conceivable environmental problem; it may, within reasonable limits, use its discretion in selecting which ones are relevant" (Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d at 307).
The petitioners' remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court