Matter of Friends of Fishkill Supply Depot v GLD3, LLC (2025 NY Slip Op 06707)

Matter of Friends of Fishkill Supply Depot v GLD3, LLC

2025 NY Slip Op 06707

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
HELEN VOUTSINAS
SUSAN QUIRK, JJ.

2021-00190
 (Index No. 51889/19)

[*1]In the Matter of Friends of Fishkill Supply Depot, et al., appellants,
v
GLD3, LLC, et al., respondents.

Law Offices of Rodenhausen Chale & Polidoro LLP, Rhinebeck, NY (Victoria L. Polidoro and J. Patrick Logan of counsel), for appellants.
Holland & Knight LLP, New York, NY (Stephen J. Riccardulli of counsel), for respondents GLD3, LLC, and Snook-9 Realty, Inc., and Van DeWater & Van DeWater, LLP, Poughkeepsie, NY (Kyle W. Barnett of counsel), for respondent Town of Fishkill Planning Board (one brief filed).

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review two resolutions of the Town of Fishkill Planning Board, both dated December 12, 2019, adopting an amended negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8) and granting the application of GLD3, LLC, and Snook-9 Realty, Inc., for a special use permit and site development plan approval, regarding the proposed construction of a certain commercial real estate development project, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated December 11, 2020. The judgment denied the amended petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioners commenced this proceeding pursuant to CPLR article 78 to annul two resolutions of the Town of Fishkill Planning Board (hereinafter the Planning Board), both dated December 12, 2019, adopting an amended negative declaration under the State Environmental Quality Review Act (SEQRA) (ECL art 8) and granting the application of GLD3, LLC, and Snook-9 Realty, Inc. (hereinafter together the developers), for a special use permit and site development plan approval with respect to a proposed commercial real estate development project, entitled Continental Commons, on a 10.47-acre parcel owned by the developers. The petitioners contended, among other things, that the resolutions should be annulled because the Planning Board failed to take a hard look at the impact the proposed development would have on archeological and historic resources dating back to the American Revolutionary War era. The developers and the Planning Board opposed the petition. In a judgment dated December 11, 2020, the Supreme Court denied the amended petition and, in effect, dismissed the proceeding. The petitioners appeal.
"Judicial review of SEQRA findings is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Tampone v Town of Red Hook Planning Bd., 215 AD3d 859, 861 [internal quotation marks omitted]; see Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 227 AD3d 722, 725). "The relevant question before the court is whether the agency identified the relevant areas of [*2]environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport, 220 AD3d 778, 780 [internal quotation marks omitted]; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417). The enumerated indicators of significant adverse environmental impacts an agency is to consider when conducting its SEQRA review include, inter alia, the potential impairment from the proposed action upon the character or quality of important historical and archeological resources (see 6 NYCRR 617.7[c][1][v]).
Here, the petitioners failed to satisfy their burden of demonstrating that the Planning Board's amended negative declaration pursuant to SEQRA was made in violation of lawful procedure, or was affected by an error of law, arbitrary and capricious, or an abuse of discretion. Rather, the record established that the Planning Board, inter alia, conducted a review process that spanned more than four years, during which it held 23 public meetings and hearings, received written comments during three separate 90-day public comment periods, and retained an independent archeological firm to assist the Planning Board in its evaluation of whether the project would have any significant impacts on archeological and historic resources, took a hard look at them, and after a reasoned elaboration, determined that the project would not have a significant negative impact on the environment (see Matter of Creda, LLC v City of Kingston Planning Bd., 212 AD3d 1043).
The petitioners' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the amended petition and, in effect, dismissed the proceeding.
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court