Matter of Asselbergs v Village of Chestnut Ridge

2026 NY Slip Op 02264

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Robert E. Asselbergs, et al., appellants,

v

Village of Chestnut Ridge, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2023-10564, (Index No. 34914/22)

Betsy Barros, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Steven N. Mogel, Monticello, NY, for appellants.

Feerick Nugent MacCartney PLLC, South Nyack, NY (Alak Shah of counsel), for respondents.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review a resolution of the Board of Trustees of the Village of Chestnut Ridge dated July 21, 2022, adopting, inter alia, Local Law No. 7 (2022) of the Village of Chestnut Ridge and the 2022 Village of Chestnut Ridge comprehensive plan, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated October 5, 2023. The order and judgment granted the respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition and dismissed the proceeding.

ORDERED that the order and judgment is affirmed, with costs.

In 2019, the Board of Trustees of the Village of Chestnut Ridge (hereinafter the Village Board) formed a comprehensive planning committee to commence the drafting and adoption of the first formal comprehensive plan for the Village of Chestnut Ridge. In September 2020, the Village Board declared itself lead agency for the development and adoption of the comprehensive plan, a Type 1 action, in accordance with the State Environmental Quality Review Act (SEQRA). The Village Board issued a positive declaration, determined that a generic environmental impact statement should be prepared, and scheduled a public scoping session for the draft generic environmental impact statement (hereinafter the DGEIS). The Village Board then made the draft comprehensive plan available for public review in August 2021 and held hearings between September 2021 and December 2021.

In March 2022, the Village Board prepared a revised draft comprehensive plan and held public hearings on the DGEIS. In May 2022, a final generic environmental impact statement (hereinafter the FGEIS) was published to the Village website for public review, and a copy of the FGEIS was accepted. Following hearings and the submission of comments, the Village Board accepted a revised FGEIS. On July 21, 2022, the Village Board adopted a findings statement, comprehensive plan, and Local Law No. 7 (2022) of the Village of Chestnut Ridge by way of a resolution.

In November 2022, the petitioners commenced this proceeding pursuant to CPLR [*2]article 78 to review the resolution that adopted the findings statement, comprehensive plan, and Local Law No. 7. In February 2023, the Village, the Village Board, Rosario Presti, Jr., Paul Van Alstyne, Avrohom Fromovitz, and Grant Valentine (hereinafter collectively the respondents) moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. In an order and judgment dated October 5, 2023, the Supreme Court granted the respondents' motion and dismissed the proceeding. The petitioners appeal.

"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837; see City of Long Beach v Agostisi, 221 AD3d 776, 779). "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, the criterion is whether the proponent of the pleading has a cause of action, not whether the proponent has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . , dismissal should not eventuate" (MJ Lilly Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 807 [brackets and internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). "[B]are legal conclusions set forth in a petition, without more, are insufficient to state a valid claim for relief under CPLR article 78" (Matter of Silverman v Town of Ramapo, 222 AD3d 652, 653 [internal quotation marks omitted]).

"A court's authority to examine a SEQRA review conducted by an entity that was required to do so is limited to reviewing whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport, 220 AD3d 778, 780 [internal quotation marks omitted]; see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 688; Matter of Town of Beekman v Town Bd. of the Town of Union Vale, 219 AD3d 1430, 1432). "This review is deferential for 'it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively'" (Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416, 430, quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416). "The relevant question before the court is whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport, 220 AD3d at 780 [internal quotation marks omitted]; see Matter of Rimler v City of New York, 172 AD3d 868, 871).

Here, the evidentiary materials submitted by the respondents demonstrated that the petitioners' allegations that the resolution was arbitrary and capricious and that the Village Board failed to identify the relevant areas of environmental concern as related to the comprehensive plan, take the requisite hard look, and make a reasoned elaboration of the basis for its determination were not facts at all and that no significant dispute exists regarding those allegations (see Matter of Elizabeth St. Garden, Inc. v City of New York, 42 NY3d 992, 994; Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport, 220 AD3d at 780). Accordingly, the Supreme Court properly granted the respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition for failure to state a cause of action.

The parties' remaining contentions either need not be reached in light of our determination or are without merit.

BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court