Matter of Riverkeeper, Inc. v New York City Dept. of Envtl. Protection
2026 NY Slip Op 03444
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Riverkeeper, Inc., et al., respondents,
v
New York City Department of Environmental Protection, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-07574, (Index No. 708684/20)
Valerie Brathwaite Nelson, J.P.
Helen Voutsinas
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Steven Banks, Corporation Counsel, New York, NY (MacKenzie Fillow and D. Alan Rosinus, Jr., of counsel), for appellant.
Michael Dulong, Ossining, NY, for respondents.

[*1]
DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent/defendant to promptly notify the public of discharges of untreated and partially untreated sewage and action for declaratory relief, the respondent/defendant appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered April 9, 2024. The order, insofar as appealed from, in effect, upon reargument, adhered to a determination in an order and judgment (one paper) of the same court dated November 24, 2023, granting the cause of action for relief in the nature of mandamus to compel and granted the petitioners/plaintiffs' application, in effect, for summary judgment on the cause of action for declaratory relief.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted the petitioners/plaintiffs' application, in effect, for summary judgment on the cause of action for declaratory relief is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment, inter alia, declaring that the respondent/defendant's past failures to sufficiently notify the public of sewage discharges on a waterbody or individual combined sewer overflow event basis was in violation of law and that the respondent/defendant's water quality advisories in their current form do not comply with the Sewage Pollution Right to Know Act.
The petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding pursuant to CPLR article 78 and action against the respondent/defendant, New York City Department of Environmental Protection (hereinafter DEP). The petitioners sought relief in the nature of mandamus to compel DEP to comply with the public notification requirements of the Sewage Pollution Right to Know Act (SPRTKA) (ECL 17-0826-a) and a judgment declaring, inter alia, that DEP had not complied with SPRTKA. The petitioners alleged that DEP violated its legal duty under SPRTKA and 6 NYCRR 750-2.7(b)(2) by failing to comply with the notification requirements imposed by SPRTKA and 6 NYCRR 750-2.7.
In a order and judgment dated November 24, 2023, the Supreme Court granted the cause of action for relief in the nature of mandamus to compel DEP to promptly notify the public of discharges of untreated and partially untreated sewage and directed the petitioners to move for summary judgment on the cause of action for declaratory relief.
Thereafter, DEP moved, among other things, for leave to reargue its opposition to the cause of action for mandamus relief. The petitioners opposed the motion and made an application, in effect, for summary judgment on the cause of action for declaratory relief. In an order entered April 9, 2024, the Supreme Court, inter alia, in effect, granted that branch of DEP's motion which was for leave to reargue and, upon reargument, adhered to the determination granting the cause of action for mandamus relief and granted the petitioners' application, in effect, for summary judgment on the cause of action for declaratory relief. DEP appeals.
"'Mandamus . . . is an extraordinary remedy that, by definition, is available only in limited circumstances'" (Matter of Mensch v Planning Bd. of the Vil. of Warwick, 189 AD3d 1245, 1247, quoting Klostermann v Cuomo, 61 NY2d 525, 537; see Matter of Rosado-Ciriello v Board of Educ. of the Yonkers City Sch. Dist., 219 AD3d 839, 841). "The general principle is that mandamus will lie against an administrative officer only to compel him or her to perform a legal duty, and not to direct how he or she shall perform that duty" (Matter of Mensch v Planning Bd. of the Vil. of Warwick, 189 AD3d at 1248 [alterations and internal quotation marks omitted]; see Matter of Hene v Egan, 206 AD3d 734, 736). "A party seeking relief in the nature of mandamus must show a clear legal right to that relief" (Matter of Silverman v Town of Ramapo, 222 AD3d 652, 654 [internal quotation marks omitted]; see Matter of Kleinknecht v Siino, 165 AD3d 936, 938).
SPRTKA provides that "as soon as possible, but no later than four hours from discovery of the discharge, the publicly owned treatment works or the operator of a publicly owned sewer system shall notify the local health department or if there is none, the New York state health department . . . . The same notification shall also be provided within the same timeframe to the general public . . . through appropriate electronic media, including, but not limited to, electronic mail or voice communication as determined by" the New York State Department of Environmental Conservation (hereinafter DEC) (ECL 17-0826-a[2]). The required information to be distributed, "to the extent knowable with existing systems and models," includes "the volume and treated state of the discharge," "the date and time of the discharge," "the expected duration of the discharge," "a brief description of the steps being taken to contain the discharge except for wet weather combined sewer overflow discharges," "the location of the discharge, with the maximum level of specificity possible," and "the reason for the discharge" (id. § 17-0826-a[1][a]-[f]). SPRTKA further provides that DEC "shall promulgate rules and regulations that are necessary for the implementation of this section" (id. § 17-0826-a[4]).
Pursuant to 6 NYCRR 750-2.7(b)(2)(ii)(b), "[a]s soon as possible, but no later than four hours from discovery of the discharge, owners and operators of [publicly owned treatment works] and [publicly owned sewer systems] must notify the general public of untreated or partially treated sewage discharges, including combined sewer overflows, to waters of the State except underground waters, through appropriate electronic media as determined by [DEC]." The reports shall, "at a minimum, include to the extent knowable with existing systems and models," among other things, "the date and time of discovery of the discharge and a brief description of the reason for the discharge," "the location of the discharge including the receiving water effected by the discharge," "the estimated volume and treated state (untreated or partially treated) of the discharge at the time of the report," and "the expected duration of the discharge and the total expected volume of the discharge" (id. § 750-2.7[b][2][i][a]-[c], [e]).
Here, the petitioners demonstrated that DEP had a nondiscretionary legal duty to provide notifications pursuant to SPRTKA and 6 NYCRR 750-2.7, as the statute and regulations mandate that notifications must be provided to the general public within a certain timeframe and in the manner specified (see ECL 17-0826-a[2]; 6 NYCRR 750-2.7[b][2]). The evidence submitted by the petitioners in support of the petition/complaint established that DEP failed to provide the requisite public notifications, as the petitioners identified 20 dates in 2019 on which enough rainfall [*2]fell to trigger a combined sewer overflow (hereinafter CSO) event but where no NY Alert was released by DEP. Further, the petitioners submitted a copy of a NY Alert that failed to identify the location of the impacted area of the CSO and failed to estimate the rate of discharge in violation of SPRTKA and 6 NYCRR 750-2.7. Thus, the petitioners established that on at least one occasion, the alert promulgated by DEP failed to comply with SPRTKA and the relevant regulations (see ECL 17-0826-a[2]; 6 NYCRR 750-2.7[b][2]). Accordingly, the petitioners established a clear legal right to a judgment compelling DEP to comply with SPRTKA and the regulations regarding notifications of CSO events (see Matter of Kleinknecht v Siino, 165 AD3d at 938; Matter of Liang v Hart, 132 AD3d 765, 765), and the Supreme Court properly, in effect, upon reargument, adhered to the determination granting the cause of action for mandamus relief.
As to the cause of action for declaratory relief, "'[i]n a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those which seek to recover damages and declaratory relief, on the other hand'" (Matter of Kelly v Farmingdale State Coll., State Univ. of N.Y., 215 AD3d 748, 750, quoting Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d 1006, 1008; see Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport, 220 AD3d 778, 779). "[W]here no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action" (Matter of Jellyfish Props., LLC v Incorporated Vil. of Greenport, 220 AD3d at 779 [internal quotation marks omitted]; see Matter of Armand Gustave, LLC v Pavacic, 173 AD3d 1170, 1172). However, here, "[s]ince the parties charted a summary judgment course in addressing the declaratory judgment cause of action, which involves only issues of law on undisputed facts, it was not inappropriate for the Supreme Court, under the unique circumstances presented here, to reach the merits of that cause of action in the [order] appealed from" (Matter of Weaver v Town of N. Castle, 153 AD3d 531, 533; see Matter of Natural Resources Defense Council, Inc. v New York State Dept. of Envtl. Conservation, 120 AD3d 1235, 1240).
Here, the petitioners established, prima facie, that DEP failed to comply with SPRTKA and 6 NYCRR 750-2.7 by failing to send out notifications to the public when a CSO event occurred and that the notifications failed to include the information required by SPRTKA and 6 NYCRR 750-2.7.
In opposition, DEP failed to establish that it was in compliance with SPRTKA or 6 NYCRR 750-2.7 or raise a triable issue of fact thereto. Moreover, DEP failed to demonstrate that it is not possible to determine discharges of the telemetered CSOs and, in fact, agreed that all of the sites could have telemeters installed. DEP also failed to establish that implementing these telemeters imposed a financial burden on it such that implementation could not be accomplished.
Accordingly, the Supreme Court properly granted the petitioners' application, in effect, for summary judgment on the cause of action for declaratory relief.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of an amended judgment, inter alia, declaring that DEP's past failures to sufficiently notify the pubic of sewage discharges on a waterbody or individual CSO event basis was in violation of law and that DEP's water quality advisories in their current form do not comply with SPRTKA (see Lanza v Wagner, 11 NY2d 317, 334; Carp v Shapiro, 239 AD3d 587, 589).
BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court